IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL ACTION NO.: _____

| | |
|---|---|
| WILLIAM JOSEPH FOX and DIRTBALL FASHION, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> DC SHOES, INC. and QUIKSILVER, INC. <br><br> *Defendants.* | **COMPLAINT** |

**NOW COMES** the Plaintiff, William Joseph Fox, by and through the undersigned counsel, complaining of Defendants DC Shoes, Inc. and Quiksilver, Inc. (hereinafter collectively, "Defendants") alleging and asserting the following claims against Defendants:

## PARTIES

1. Plaintiff William Joseph Fox (hereinafter, "Fox") resides at 7 14th Street, SW, Hickory, NC 28602.

2. Plaintiff Fox is Member and Manager of Dirtball Fashion, LLC ("Dirtball Fashion"). Dirtball Fashion is a North Carolina limited liability company with a business address of 7 14th Street, SW, Hickory, NC 28602.

3. Together, Fox and Dirtball Fashion are referred to herein as Plaintiffs.

4. Defendant DC Shoes, Inc. (hereinafter, "DC Shoes") purports to be a California Corporation with a principal place of business at 15202 Graham Street, Huntington Beach, CA, 92649, Orange County, California. The registration information on file with the California Department of Secretary of State for Defendant DC Shoes is set forth at **Exhibit 1** attached hereto.

5. Defendant Quiksilver, Inc. (hereinafter, "Quiksilver") purports to be a Delaware Corporation. Pursuant to the Delaware Department of Secretary of State, the corporation has a registered agent address of 2711 Centerville Road Suite 400, Wilmington, DE, 19808. The registration

information on file with the California Department of Secretary of State for Defendant Quiksilver is set forth at **Exhibit 2** attached hereto.

6. Quiksilver is generally known in the public and relevant industry as controlling the DC Shoes brand.

7. Upon information and belief, officers and employees of Quiksilver act as agents and representatives of DC Shoes without distinguishing for whom said officers are representing. As set forth in the facts hereof, Quiksilver's Chief Executive Officer caused Quiksilver's in-house counsel to respond to trademark infringement claims for products sold under the "DC Shoes" brand.

8. Both Quiksilver and DC Shoes have the same business and corporate address. Upon information and belief, Quiksilver and DC Shoes are indistinguishable for responsibility for the claims herein set forth, and DC Shoes has become a Quiksilver brand.

9. Upon information and belief, Quiksilver and DC Shoes products including products sold using Plaintiffs' trademark without Plaintiffs authorization are bought and sold in the Western District of North Carolina.

10. As set forth herein, Defendants' conduct violates a validly registered trademark and federal law making jurisdiction proper in the federal district court pursuant to 28 U.S.C. § 1331.

## FACTS

11. Plaintiff Fox filed an application to register the "Dirtball" trademark on August 5, 2009.

12. Plaintiff Fox owns the Dirtball trademark and the same is registered with the United States Patent and Trademark Office under registration number 3766770.

13. The Dirtball trademark registration is attached hereto as **Exhibit 3**.

14. Dirtball is an arbitrary and fanciful trademark with regard to fashion and apparel.

15. Plaintiff Fox formed Dirtball Fashion on or about August 6, 2009.

16. Dirtball Fashion specializes in American-made recycled content apparel.

17. Dirtball Fashion uses the Dirtball trademark with the express authorization and consent of Plaintiff.

18. The Dirtball trademark identifies American-made, eco-friendly apparel sold by Dirtball Fashion.

19. The Dirtball trademark identifies Fox's Dirtball Fashion as the source of fashion and apparel products.

2

20. Dirtball Fashion has spent countless hours developing the Dirtball trademark and brand.

21. Dirtball Fashion has spent countless hours developing Dirtball as a source of domestic, eco-friendly apparel.

22. Plaintiffs have successfully policed unauthorized use of "Dirtball" in connection with apparel by notifying retailers and clothing manufacturers of Plaintiffs' trademark.

23. In January 2014 Plaintiff discovered upon conducting an online search that Defendant DC Shoes was advertising and selling clothing under the name "Men's Dirtball Flannel Shirt".

24. Upon information and belief, DC Shoes and Quiksilver market their fashion and apparel products to the same consumers and same target market as Plaintiffs' primary markets.

25. **Exhibit 4** attached hereto contains examples of unauthorized use of the Dirtball trademark by DC Shoes.

26. Plaintiff Fox called Quiksilver Chief Executive Officer and President Robert B. McKnight, Jr. ("McKnight") on January 15, 2014 and notified McKnight of the unauthorized use of the Dirtball trademark by Defendant DC Shoes and Quiksilver.

27. McKnight did not answer and Plaintiff left McKnight a voicemail message.

28. Plaintiff received a phone call from Defendant Quiksilver's General Counsel Joshua Green ("Green") on January 19, 2014.

29. Green identified himself as Quiksilver's General Counsel.

30. Green told Plaintiff that Green believed that the Dirtball trademark should not have been registered.

31. Green told Plaintiff that Quiksilver and DC Shoes intended to disregard Plaintiffs Fox's trademark registration.

32. Green informed Plaintiff Fox that Defendants Quiksilver and DC Shoes would continue to use the name "Dirtball" in relation to apparel.

33. Defendant DC Shoes continues to sell and offer for sell the "Dirtball Flannel Shirt".

34. Since Plaintiff's initial web search in January, the number of retailers offering the "Dirtball Flannel" dramatically increased.

35. As of June 9, 2014, DC shoes use of the Dirtball Flannel is the top result in a Google search of Dirtball in the shopping feed.

36. The use by Defendants of the Dirtball mark, particularly for clothes having similar features, is likely to cause confusion, mistake or deception, as those encountering Defendants products may mistakenly assume, at least initially, that their product is in some way sponsored, endorsed, approved by or connected with Dirtball Fashion or Fox when in fact it is not.

37. Upon information and belief, DC Shoes and Quiksilver performed the aforesaid acts with wrongful purposes and knowledge to inappropriately trade upon Dirtball Fashion's goodwill including using Dirtball Fashion's mark to draw attention to their product.

38. The Dirtball mark is wholly associated with Plaintiff Fox's business Dirtball Fashion due to its use thereof, and as such Plaintiff is deserving of having its marks adequately protected with respect to the conduct of its business.

## FIRST CLAIM FOR RELIEF
(Trademark Infringement)

39. Plaintiff incorporates by reference the allegations contained in paragraphs 1-38 of this Complaint and incorporates them herein.

40. By the aforesaid acts, Defendants infringed upon Plaintiff Fox's federal trademark rights described by its trademark registration, in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

41. Upon information and belief, Defendants' acts have been willful and in conscious disregard of the trademark rights of Plaintiff Fox.

42. Defendants' use of the Dirtball trademark and continued sales online through Google has both diluted Plaintiffs source identification and harmed Plaintiffs' goodwill by associating with an international producer of clothing.

43. Plaintiff is entitled to damages including damages for diverted sales.

44. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury for which Plaintiff has no adequate remedy at law.

45. Plaintiff is entitled to a preliminary injunction to be made permanent upon entry of final judgment, preventing Defendants' further infringement.

46. Plaintiff is also entitled to disgorgement of all profits relating to Defendants' sales associated with the Dirtball mark, and to trebled damages.

47. Upon information and belief, Plaintiff has been damaged in amounts Plaintiff believes exceed $100,000.00 from lost sales, consumer confusion, brand denigration and profits made by Defendants.

4

## SECOND CLAIM FOR RELIEF
### (Violation of North Carolina Unfair and Deceptive Trade Practices Act)

48. Plaintiff incorporates by reference the allegations contained in paragraphs 1-47 of this Complaint and incorporates them herein.

49. Defendants' misuse of Plaintiff's intellectual property and trademark is in and affecting commerce in the state of North Carolina.

50. Upon information and belief, both consumer purchasers as well as retail stores purchased products from Defendant DC using the Dirtball trademark.

51. Defendants' intentional disregard of Plaintiff's demand to stop using Plaintiff Fox's trademark is an unfair act arising from Defendants' dominant market position and vastly superior resources.

52. Upon information and belief, Defendants' products are manufactured primarily outside of the United States.

53. Defendants' misuse of Plaintiff's intellectual property is unfairly taking advantage of domestic sources of products.

54. Defendants' disregard of Plaintiff's intellectual property and continued use of that intellectual property is unfair, offends established public policy, is immoral, unethical, unscrupulous, has the tendency and capacity to deceive.

55. Plaintiff is entitled to compensatory damages, special damages, trebled damages pursuant to N.C.G.S. §75-16 and attorney fees. In the alternative, Plaintiff is entitled to punitive damages as permitted by law.

## MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION

56. Plaintiff incorporates by reference the allegations contained in paragraphs 1-55 of this Complaint and incorporates them herein.

57. Plaintiff is being irreparably harmed by Defendant DC's unlawful use of the Plaintiff's trademark and moves for preliminary and permanent injunction to stop all unauthorized use of the Dirtball trademark by DC Shoes.

## PRAYER FOR RELIEF

**WHEREFORE**, to the extent not otherwise claimed or prayed for in the above paragraphs, such claims for relief to be incorporated herein by reference, Plaintiff respectfully prays the Court that:

1. Plaintiffs have and recover compensatory, consequential special, statutory, punitive and other damages to be proven by Plaintiff;

2. Damages to be trebled as permitted by law;

3. The costs of this action, to include reasonable attorneys' fees as permitted by law, be taxed against the Defendants;

4. Attorney fees as permitted by contract and law, including without limitation N.C.G.S. §75-16.1;

5. Plaintiff have and recover such damages from Defendants as will be determined at trial;

6. Preliminary and permanent injunction;

7. Trial by jury; and

8. Such other relief as the court deems appropriate.

This the 16th day of June, 2014.

*Matthew K. Rogers*
Matthew K. Rogers
Attorney for Plaintiff
N.C. State Bar No.: 26992
Law Offices Of Matthew K. Rogers, PLLC
200 1st Ave. NW, Suite 104
P.O. Box 9096
Hickory, NC 28603
Telephone: (828) 327-2005
Facsimile: (828) 327-7009
Email: rogersmk@mrbizlaw.com

*Forrest A. Ferrell*
Forrest A. Ferrell
Attorney for Plaintiff
N.C. State Bar No.: 1439
Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A.
P.O. Drawer 1470
Hickory, NC 28603
Phone: (828) 328-2596
Facsimile: (828) 328-6876
Email: Forrest.Ferrell@sigmonclark.com

6

# VERIFICATION

STATE OF NORTH CAROLINA

COUNTY OF Catawba

William Joseph Fox, acting both in his individual capacity and in his capacity as a Manager of Dirtball Fashion, LLC, being first duly sworn, deposes and says that he has read the Complaint, knows the contents thereof, and that the same is true of his own knowledge, except as to matters he may have been informed by others. He hereby says and verifies that he believes that any statements to which he was not personally aware, he believes to be correct based on his information and belief, and hereby certifies that all matters in the Complaint are accurate to the best of his knowledge.

This the 18 day of June, 2014.

By: _____
William Joseph Fox

NORTH CAROLINA
COUNTY OF Catawba

I, the undersigned, a Notary Public of the County and State aforesaid, certify that William Joseph Fox personally appeared before me this day and acknowledged the execution of the foregoing instrument. Witness my hand and official stamp or seal, this the 18th day of June, 2014.

(SEAL-STAMP)

_____, Notary Public
Richard P. Coyle (Print name)
My commission expires: 3/15/2018

7